UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE BURDINE,

                Petitioner,          Case No. 2:17-cv-12122
                                                  Hon. Arthur J. Tarnow

v.

J.A. TERRIS,

                Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS**

Federal prisoner George Burdine ("Petitioner"), currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentencing enhancement.

I. Standard of Review

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If, after

preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. See *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such review, and for the reasons stated herein, the Court concludes that the petition must be dismissed.

## II. Facts and Procedural History

On February 21, 2013, Petitioner pleaded no contest to felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) in the United States District Court for the Southern District of Indiana. On May 13, 2013, he was sentenced, as an armed career criminal, to 180 months imprisonment. *United States v. Burdine*, No. 1:12-cr-00055-001 (S.D. Ind.) (Pratt, J.). Petitioner did not file a direct appeal from his conviction or sentence.

Petitioner filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) due to a reduction in the sentencing guidelines on April 23, 2015. The district court denied the motion by order dated July 30, 2015. Petitioner did not appeal.

Petitioner dated the instant habeas petition on June 20, 2017. In his current pleading, Petitioner asserts that he is entitled to habeas relief because three of his Indiana burglary convictions should not have been used to enhance his sentence

2

past the statutory maximum under the Armed Career Criminal Act in light of *Mathis v. United States*, U.S. , 136 S. Ct. 2243, 195 L. Ed. 2d 604 (June 23, 2016).

III. Discussion

Petitioner brings this action as a habeas petition under 28 U.S.C. § 2241. His habeas claim, however, concerns the validity of his federal felon in possession of a firearm sentence. A motion to vacate sentence under 28 U.S.C. § 2255 filed with the trial court is the proper avenue for relief on a federal prisoner's claims that his conviction and/or sentence were imposed in violation of the federal constitution or federal law. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); see also *McCully v. United States*, 60 F. App'x 587, 588 (6th Cir. 2003) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); see also *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Charles*, 180 F.3d at 758.

Petitioner has yet to file a motion to vacate his sentence under § 2255. The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective

3

simply because § 2255 relief may be denied, or because the petitioner is time-barred or otherwise procedurally barred from pursuing relief under § 2255. *Charles*, 180 F.3d at 756. Moreover, § 2255 allows a criminal defendant to seek relief based upon a change in the law and even to bring a second or successive motion under limited circumstances.

The possibility that Petitioner may not be able to satisfy the procedural requirements under § 2255 does not mean that he should be allowed to proceed under § 2241. See *Peterman*, 249 F.3d at 461 ("The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief."). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that allowed by § 2255. *Charles*, 180 F.3d at 758. Petitioner has failed to show that his remedy under § 2255 is inadequate or ineffective. He has not even yet attempted to seek relief in the trial court under § 2255. He is thus not entitled to proceed under 28 U.S.C. § 2241, and this matter must therefore be dismissed.

IV. Conclusion

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the Petition for a Writ of Habeas Corpus.

Lastly, the Court notes that a Certificate of Appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § *2241. Witham*

4

*v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED**.

                                                s/Arthur J. Tarnow
                                                Arthur J. Tarnow
                                                United States District Court

Dated: June 29, 2017